## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEE DEE SILGUERO,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>METROPCS TEXAS, LLC, HBCC<br>INVESTMENTS INC. d/b/a DF WIRELESS,<br>BKCR INC. d/b/a DF WIRELESS,<br>WIRELESS DF TEXAS LLC, GSWAC INC.<br>d/b/a DF WIRELESS, KJCC INC. d/b/a<br>DF WIRELESS, PCSKK INC. d/b/a DF<br>WIRELESS, and BONG KIM<br><br>*Defendants* | § § § § § § § § § § § § § § § § § § | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br><br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Dee Dee Silguero brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Defendants MetroPCS Texas LLC ("MetroPCS"), HBCC Investments Inc. d/b/a DF Wireless ("HBCC"), BKCR Inc. d/b/a DF Wireless ("BKCR"), Wireless DF Texas LLC ("DF"), GSWAC Inc. d/b/a DF Wireless ("GSWAC"), KJCC Inc. d/b/a DF Wireless ("KJCC"), PCSKK Inc. d/b/a DF Wireless ("PCSKK") and/or Bong Kim ("Kim") (collectively "Defendants") at any time from three years preceding the filing of the Original Complaint though the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants at any time since February 8, 2015 through the final disposition of this matter, and were paid by the hour, but did not receive: (a) compensation for all hours worked, (b) all earned commissions and (c) overtime for all hours worked over forty (40) in each workweek.

3. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek; however, Plaintiff and the Putative Class Members were not paid overtime for any hours worked in excess of forty (40) hours per workweek.

4. Plaintiff and the Putative Class Members were not compensated for all hours worked. Specifically, Defendants automatically deducted one hour meal periods from Plaintiff and the Putative Class Members' daily hours worked, despite knowing that Plaintiff and the Putative Class Members routinely worked (and continue to work) throughout their designated one (1) hour meal period each day.

5. The FLSA requires that all non-exempt employees—like Plaintiff and the Putative Class Members—receive compensation for all time spent working on their employer's behalf.

6. The decision by Defendants not to pay for all hours worked and to not pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

7. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and overtime for all hours worked over forty (40) hours per workweek.

8. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

9. Plaintiff and the Putative Class Members were not paid all commissions earned.

10. Specifically, Plaintiff Silguero was not compensated for all commissions earned through her sales.

11. Defendants' decision to not pay all commissions earned by Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

12. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all commissions earned.

13. Plaintiff and the Putative Class Members therefore seek to recover all unpaid compensation, overtime, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

14. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

15. Plaintiff Dee Dee Silguero ("Silguero") worked for Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Silguero was not compensated for all hours worked and did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

[2] The written consent of Dee Dee Silguero is attached hereto as Exhibit "A."

16. The Putative Class Members are those current and former employees who worked for Defendants at any time since February 8, 2015 and have been subjected to the same illegal pay system under which Plaintiff Silguero worked and was paid.

17. HBCC Investments Inc. d/b/a DF Wireless ("HBCC") is a Texas for-profit corporation, having its principal place of business in Carrollton, Texas. HBCC may be served through its registered agent for service of process: **Bong Kim, 1620 S. Padre Island Drive, Suite 185, Corpus Christi, Texas 78416.**

18. MetroPCS Texas, LLC ("MetroPCS") is a foreign Limited Liability Company, having its principal place of business in Dallas, Texas. MetroPCS may be served through its registered agent for service of process: **Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701-3218.**

19. BKCR Inc. d/b/a DF Wireless ("BKCR") is a Texas for-profit corporation, having its principal place of business in Corpus Christi, Texas. BKCR may be served through its registered agent for service of process: **Bong Kim, 10338 S. Padre Island Drive, Suite E, Corpus Christi, TX 78418.**

20. Wireless DF Texas LLC ("DF") is a Texas Limited Liability Company, having its principal place of business in Dallas, Texas. DF may be served through its registered agent for service of process: **Young S. Kim, 8224 Park Lane, Suite 100, Dallas, Texas 75231.**

21. GSWAC Inc. d/b/a DF Wireless ("GSWAC") is a Texas for-profit corporation, having its principal place of business in Alice, Texas. GSWAC may be served through its registered agent for service of process: **Bong Kim, 2611 E. Main Street, Alice, Texas 78332.**

22. KJCC Inc. d/b/a DF Wireless ("KJCC") is a Texas for-profit corporation, having its principal place of business in Corpus Christi, Texas. KJCC may be served through its registered agent for service of process: **Bong Kim, 1311 S. Port Avenue, Corpus Christi, Texas 78405.**

23. PCSKK Inc. d/b/a DF Wireless ("PCSKK") is a Texas for-profit corporation, having its principal place of business in Kingsville, Texas. PCSKK may be served through its registered agent for service of process: **Bong Kim, 700 South 14th Street, Suite E, Kingsville, Texas 78363.**

24. Bong Kim ("Kim") is an employer as defined by 29 U.S.C. § 203(d) and, along with HBCC, MatroPCS, BKCR, DF, GSWAC, KJCC, and PCSKK, employed or jointly employed Plaintiff and the Putative Class Members. Kim may be served at his address listed on HBCC's certificate of formation, **1620 S. Padre Drive, Suite 185, Corpus Christi, Texas** 78416 or wherever he may be found.

25. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over HBCC, BKCR, GSWAC, KJCC, PCSKK, DF and Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

26. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

27. This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District.

28. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

29. Specifically, Defendant Kim is domiciled in Corpus Christi, Texas, Defendants BKCR and KJCC are headquartered in Corpus Christi, Texas, and Plaintiff Silguero worked for Defendants in Corpus Christi, Texas, all of which are located in this District and Division.

30. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391.

# IV.
# FACTS

31. MetroPCS, HBCC, BKCR, DF, GSWAC, KJCC, and PCSKK are all retailers of mobile phones and related accessories.

32. Defendants all operate under the same brand name of DF Wireless and/or MetroPCS and share a common website.[3]

33. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

34. Defendants directly or indirectly hired Plaintiff and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of their wages.

35. Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

36. Defendants mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

37. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members.

38. Defendants shared the services of Plaintiff and Putative Class Members

39. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Class Members.

40. Specifically, Defendants dictated the routine and goals that needed to be done in order to meet the goals of the respective Defendants or their residents.

---

[3] http://dfwireless.com.

41. Moreover, all Defendants have the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

42. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

43. To provide these services, Defendants employed numerous individuals— including Plaintiff and the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work to sell their merchandise to their customers.

44. Plaintiff Silguero worked for Defendants from approximately February 2017 until October 2017.

45. Defendants paid Plaintiff and the Putative Class Members by the hour plus commissions based on Plaintiff and the Putative Class Members' individual sales.

46. Specifically, Plaintiff Silguero was paid eight dollars ($8.00) to ten dollars ($10.00) per hour.

47. Regardless of the number of hours worked, Plaintiff and the Putative Class Members were never paid time and one half for any hours worked over forty in each workweek.

48. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week. Specifically, Plaintiff Silguero often worked fifty (50) hours or more per week for Defendants.

49. Although it is well-known that blue-collar workers like Plaintiff and the Putative Class Members are **_not_** exempt from overtime, Defendants did not pay Plaintiff and the Putative

Class Members the additional overtime premium required by the FLSA for all hours worked in excess of forty (40) hours each workweek.

50. Plaintiff and the Putative Class Members' primary duties were to sell phones and related accessories to customers for the benefit of the Defendants.

51. Plaintiff and the Putative Class Members did not (and currently do not) earn half or more of their wages through commissions.

52. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

53. Defendants did not pay **<u>any</u>** overtime at all for work in excess of forty (40) hours per week.

54. Moreover, Defendants had (and continue to have) a uniform company-wide policy that their non-exempt workers such as Plaintiff and the Putative Class Members automatically had one (1) hour per day for a meal period deducted from his or her hours worked.

55. Defendants were (and continue to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their one (1) hour meal periods without pay in violation of the FLSA.

56. Defendants did (and continues to) not pay all commissions earned by Plaintiff and the Putative Class Members. Specifically, Plaintiff Silguero was not paid all of the commissions she earned through her sales.

57. Accordingly, Defendants' pay policies and practices violated (and continue to violate) the FLSA.

# V.
# CAUSES OF ACTION

**A. FLSA COVERAGE**

58. All previous paragraphs are incorporated as though fully set forth herein.

59. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR METROPCS TEXAS LLC, HBCC INVESTMENTS INC. D/B/A DF WIRELESS, GSWAC INC. D/B/A DF WIRELESS, KJCC INC. D/B/A DF WIRELESS, PCSKK INC. D/B/A DF WIRELESS AND/OR BONG KIM, AT ANY TIME FROM FEBRUARY 8, 2015 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

60. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

61. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

62. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

63. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

64. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

65. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** sales personnel responsible for selling mobile phones and related accessories that were directly essential to the production of goods for Defendants and related companies. 29 U.S.C. § 203(j).

66. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

67. In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

68. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 59.

69. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

70. All previous paragraphs are incorporated as though fully set forth herein.

71. Lone Star violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

72. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff and the Putative Class Members would be able to precisely calculate damages.

73. Moreover, Defendants knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

74. Defendants knew or should have known its pay practices were in violation of the FLSA.

75. Defendants are sophisticated parties and joint employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

76. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay overtime and all hours worked in accordance with the law.

77. The decision and practice by Defendants to not pay overtime and all hours worked was neither reasonable nor in good faith.

78. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. FLSA COLLECTIVE ACTION ALLEGATIONS

79. All previous paragraphs are incorporated as though fully set forth herein.

80. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff Silguero.

81. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

82. The FLSA Collective Members are defined in Paragraph 59.

83. Defendants' collective failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

84. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

85. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

86. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

87. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to overtime after forty (40) hours in a week.

88. Defendants have employed a substantial number of similarly situated individuals since February 8, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States.

89. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

90. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

91. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 59 and notice should be promptly sent.

# VI.
# RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Defendants as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 59 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiffs (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

e. For an Order awarding the costs and expenses of this action;

f. For an Order awarding attorneys' fees;

g. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding the Plaintiff a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense;

j. For an Order providing for injunctive relief prohibiting Defendants from engaging in future violations of the FLSA, and requiring Defendants to comply with such laws going forward; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: February 8, 2018

Respectfully submitted,

**ANDERSON2X, PLLC**

By:   /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and the Putative Class Members***