UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DEE DEE SILGUERO**, Individually and on behalf of all others similarly situated | § § § § | |
| Plaintiff | § § | Civil Action No. 2:18-cv-00039 |
| v. | § § | JURY TRIAL DEMANDED |
| **HBCC INVESTMENTS, INC. dba DF WIRELESS and METROPCS; BKCR INC. dba DF WIRELESS and METROPCS; KJCC, INC. dba DF WIRELESS and METROPCS; GSWAC INC. dba DF WIRELESS and METROPCS; WIRELESS DF TEXAS dba DF WIRELESS and METROPCS; BONG KIM; CRPTX DF, INC.; CRPTX DF, INC.; and CAE ENTERPRISES, INC. formerly dba METRPCS** | § § § § § § § § § § § § § | |
| Defendants | § | |

## JOINT MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Dee Dee Silguero ("Plaintiff") and Defendants HBCC Investments Inc. d/b/a DF Wireless and MetroPCS, BKCR Inc. d/b/a DF Wireless and MetroPCS, KJCC Inc. d/b/a DF Wireless, GSWAC Inc. d/b/a DF Wireless, Wireless DF Texas dba DF Wireless and MetroPCS, and Bong Kim ("Defendants") (Plaintiff and Defendants are collectively referred to herein as, the "Parties"), file this Joint Motion ("Motion") for Approval of Settlement Agreement ("Agreement"), asking that the Court: (1) approve the Parties' Agreement as expressed therein, filed as Exhibit 1 to this Motion; and (2) dismiss this Lawsuit with Prejudice in a public filing. The Parties respectfully state as follows in support of this Motion:

# I.
# FACTUAL BACKGROUND

On February 8, 2018, Plaintiff filed suit against Defendants for the alleged failure to pay her and all others similarly situated overtime compensation for hours worked over 40 in a workweek, in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201–19. *See* ECF No. 1.[1] Plaintiff alleges that despite being a non-exempt employee, she was not paid all of her overtime for hours worked over forty (40) in a single workweek. *See id.* Defendants answered this suit on August 21, 2018, denying all allegations and liability. *See* ECF No. 30. The Parties exchanged initial disclosures and exchanged some documents, resulting in the production of some of Plaintiff's employment records. Based on these records, the Parties calculated damages to aid in settlement negotiations.

After ongoing negotiations between the Parties, the Parties reached an agreement to resolve this litigation on April 29, 2019, and on that same day the Parties filed a Notice of Settlement with this Court.[2] *See* ECF No. 63. The Agreement will provide monetary compensation to Plaintiff and eliminates the risks and expenses the Parties would bear should this litigation continue. The Parties believe the settlement, which is memorialized in the Agreement attached hereto as Exhibit 1, is fair and reasonable and should be approved. Therefore, the Parties respectfully request that the Court sign the Proposed Order Approving the Settlement Agreement and Dismissing this Case with Prejudice.

---

[1] Although filed as a collective action, no collective was certified, and this case proceeded as an individual action on behalf of Plaintiff Silguero.

[2] Defendant CAE Enterprises, Inc. was served on October 3, 2018 (ECF No. 36) but has since not appeared or filed an answer in this case.

# II.
# THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE

## A.     A *Bona Fide* Dispute Exists Between the Parties

Plaintiff alleged that Defendants violated the FLSA because Defendants failed to pay her the proper amount of overtime compensation due pursuant to the FLSA. While Plaintiff is confident that she would have prevailed on the merits of the liability claim, success was not a certainty and a legitimate dispute existed on the amount of damages. Defendants at all times denied liability for violating Section 207 of the FLSA, asserted multiple affirmative defenses to Plaintiff's claims, and challenged the alleged hours worked. Defendants also hotly contested whether they were liable for any FLSA violations occurring before their purchase of the employing entities.

## B.     The Settlement Agreement in this Case is Fair and Reasonable

The Court presiding over an FLSA action may approve a proposed settlement of the action under Section 216(b) after scrutinizing the settlement for fairness. *See Dyson v. Stuart Petro. Testers, Inc.*, No. 1:15-cv-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) ("[T]he Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages."). Although the class action provision of Federal Rule of Civil Procedure 23 does not apply to collective actions brought pursuant to the FLSA, Rule 23 is similar in that it requires court approval to finalize a class action settlement. *See id.* In this case, settlement approval is not sought on a collective basis as Plaintiff decided to proceed individually and agreed to—and executed—the Agreement. However, the Parties will address the terms of the settlement agreement in the context of the "fair and reasonable standard" set forth by Federal Rule of Civil Procedure 23(e). *Id.*

In the Fifth Circuit, district courts are instructed to consider six factors when evaluating a proposed settlement agreement for class/collective actions:

> (1) Whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Id.* (quoting *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). "Significant weight is given to the opinion of class counsel concerning whether the settlement is in the best interests of the class and the court is not to substitute its own judgement for that of counsel." *Marcus v. J.C. Penny Co., Inc.*, No. 6:13-cv-736, 2017 WL 6590976, at *3 (E.D. Tex. Dec. 18, 2017) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Here, the six-factor standard supports approval of the settlement agreement. Plaintiff's counsel has extensive experience litigating FLSA claims and there is no fraud or collusion. Wage and hour cases are expensive and time-consuming, and therefore the expense and likely duration of continued litigation favor approval. The parties engaged in legal research, document review, and data analysis and performed due diligence before beginning to negotiate a settlement in good faith. The issues pertinent to Plaintiff's claims and Defendants' defenses were well understood and the Parties recognized that the outcome of litigating the case would be uncertain while the risks of continued litigation would be high. Finally, counsel on both sides support the settlement, as does the Plaintiff herself.

1. *The Absence of Fraud or Collusion in the Settlement Favors Approval*

An initial presumption exists that a settlement is fair where counsel for the parties negotiate the settlement at arm's length. *Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996). Settlement of this litigation was achieved through an informal resolution process and involved multiple offers and counter offers before the Parties agreed on the settlement terms. The Parties took

appropriate steps in negotiating the comprehensive settlement agreement, which includes payment to Plaintiff and payment for Plaintiff's attorneys' fees and expenses. There is no indicia of fraud or collusion.

    2.    *The Complexity, Expense, and Likely Duration of this Case, Were it Not to Settle, Favor Settlement*

The complexity, expense, and duration of this case (were it not to settle at this time) are significant factors that all favor settlement. If the Parties had not been able to resolve the claims at issue through compromise, this litigation would likely continue because the Parties continue to disagree regarding the merits of Plaintiff's claims, the identity of appropriate employers, and the amount of damages. Absent the negotiated settlement agreement before this Court, the Parties would have litigated these claims through trial and appeal. Thus, the Parties will incur substantial additional legal fees and expenses if this case is not settled. Given the complexities of the claims at issue and the expense and extended duration of continuing litigation, settlement is in the interests of the Plaintiff, Defendants, and judicial economy.

    3.    *The Discovery Taken by the Parties Favors Approval of the Settlement*

The Parties both exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26. The Parties undertook independent factual investigation of Plaintiff's claims and analyzed the legal issues at hand. Many of the records of Plaintiff's pay over the course of her employment are missing. Because many of the records that would prove or disprove Plaintiff's claims are unavailable, it was unclear whether the Plaintiff was paid the correct amount of overtime for all hours worked over the course of her employment; Plaintiff contended that the documents would show overtime violations and Defendants contended that the documents would conclusively establish that all overtime compensation was appropriately paid. Accordingly, the discovery taken by the Parties favors approval of the settlement because it highlights that there remain contested questions of fact on the issue of liability itself.

4. *The Uncertainty of this Litigation Favors Settlement*

Plaintiff and Defendants are well aware of the uncertainty associated with litigation. While Plaintiff is confident in her claims, she also understands that the claims in this case may prove to be unsuccessful, and that collection of any future judgment or award may itself prove problematic. Accordingly, Plaintiff strongly prefers the certainty of the proposed settlement, payable shortly after court approval according to the settlement documents, to the risks and costs associated with continued litigation. Likewise, Defendants understand the risk of litigating the claims at issue and prefer the certainty of the proposed settlement to the risks and costs associated with continued litigation.

5. *The Available Range of Recovery and the Uncertainty of Damages Favor Settlement*

It is undisputed that Plaintiff was paid (some) overtime by Defendants, however, Plaintiff contends that she was not paid **_all_** of her overtime compensation. Because substantial documentary evidence is unavailable due to document loss during the purchase and transfer of the business to Defendants, Plaintiff's potential recovery for the unpaid overtime is highly uncertain. Moreover, the settlement amount provides for approximately 200% of the damages Plaintiff contends she was owed, based on her recollection of her hours worked.

The risk that Defendants would prevail on their defenses favors settlement. On the other hand, settlement is equally in Defendants' best interest because the costs of proceeding through trial on the merits are excessive considering the amount of damages at issue. Further, should Plaintiff prevail on her claims, Defendants would be liable not only for their own costs through trial, but also for the fees and costs of Plaintiff's counsel. Accordingly, the Parties agree that this settlement is in their best interest.

6. *The Opinions of All Parties and Counsel Favor Settlement*

The lawyers at Anderson Alexander, PLLC have litigated more than 300 individual, collective, and class action wage and hour cases and have recovered millions of dollars in these cases on behalf

of workers across the United States. Based on this experience, Plaintiff's attorneys can confidently report to the Court that this prong is met. After intense settlement negotiations, an arms-length settlement was reached that, in the view of Plaintiff's counsel, affords the Plaintiff with significant and meaningful financial benefits and provides a certainty for payment. Importantly, there are no absent class members to take into consideration in analyzing this factor. Plaintiff has signed the attached Agreement and affirmatively asks this Court to approve it.

Further, Defendants, upon the advice of their counsel, agree that this settlement is in their best interest and seek approval of the Agreement.

7. *Confidentiality Provision*

Defendants have requested, and Plaintiff has agreed not to oppose, a strict confidentiality provision that is set forth in Paragraph 12 of the Settlement Agreement. Defendants respectfully request the Court keep these settlement documents under seal.

"In the FLSA context, there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public review. The public's interest in accessing the settlement agreement, including the settlement amount, often outweighs any interest in confidentiality." *Rodriguez v. El Pollo Regio, Inc.*, No. 3:11-cv-2276-D, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012) (quoting *Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045, *9 (S.D. Tex. Dec. 8, 2008)) (internal quotation marks omitted). "[T]he overwhelming consensus of district courts that have considered the issue [ ] hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access." *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011). "Sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair. Absent an extraordinary reason, the court cannot seal such records." *Tran v. Thai*, No. H-08-3650, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009).

Defendants submit that this case is one of the extraordinary cases in which the Court should seal the records and allow the confidentiality provision to stand. Defendants have no prior history of FLSA claims against them. Furthermore, this particular issue with the Plaintiff was "inherited" by Defendants through their purchase of 10 MetroPCS stores on August 1, 2017 from CAE Enterprises, Inc., a Defendant that never appeared in this action and has not joined in this settlement. Plaintiff only worked for the Defendants that are a party to this settlement for three months prior to termination and was not hired by Defendants, rather Plaintiff was already an employee of one of the MetroPCS stores sold to Defendants and remained an employee after the sale of the businesses closed. Had this been a business that Defendants originated and hired Plaintiff directly, Defendants would have properly paid her overtime and there would be no FLSA claims before this Court. Moreover, as noted in the Court's December 11, 2018 Order on Plaintiff's Amended Motion for Conditional Certification and Notice to Putative Class Members, "[t]he Court concludes that Plaintiff has not shown that it is reasonable to believe that there are other aggrieved persons—i.e., sales representatives who were not paid overtime."

Thus, Plaintiff's FLSA claims were an isolated issue that Defendants inherited by purchasing stores that included Plaintiff as an employee, and no other aggrieved individuals have been identified. Combined with Defendants' lack of any other history with FLSA claims, this is not a case where the public should have access to this settlement where Defendants' liability is limited to one inherited employee who worked for Defendants for three months. Accordingly, Defendants respectfully request the Court seal this motion and the settlement agreement.

### III.
### MOTION FOR ATTORNEY FEES

This Court has ordered Plaintiff to file a separate Motion for Attorney's Fees and Costs pursuant to Federal Rule of Civil Procedure 54(d). Pursuant to Rule 54(d), Plaintiff's Motion for Attorney's Fees is due fourteen (14) days after the entry of final judgment in this matter. FED. R. CIV.

P. 54(d). Plaintiff will comply with this Court's order and Rule 54(d) and will timely file the Motion for Attorney's Fees and Costs. Plaintiff is equally willing to file her Motion for Costs at any time convenient to the court prior to the entry of final judgment.[3]

## IV.
## PRAYER

For these reasons, the Parties respectfully request that the Court review the Agreement attached as Exhibit 1 to this Motion; approve the Agreement as a fair and reasonable compromise and dismiss the Lawsuit with Prejudice as to Plaintiff and Defendants.


Date: May 31, 2019

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Austin W. Anderson*
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279

---

[3] Plaintiff's counsel is not seeking attorneys' fees in this matter, and instead will seek to recover expenses incurred as a result of this litigation.

Facsimile: (361) 452-1284

***Attorneys for Plaintiff***

**SUL LEE LAW**

By: /s/ *Papool S. Chaudhari*
**Papool S. Chaudhari**
Texas Bar No. 24076978
pchaudhari@sulleepllc.com
2560 Royal Lane, Suite 202
Dallas, TX 75229
Tel: 214-206-4064
Fax: 214-206-4068

***Attorneys for Defendants***

# CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Austin W. Anderson*
Austin W. Anderson