United States District Court
Southern District of Texas
**ENTERED**
February 24, 2020
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| DEE DEE SILGUERO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:18-CV-39 |
| | § | |
| METROPCS TEXAS, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court is in receipt of the Joint Motion for Approval of Confidential Settlement and Dismissal with Prejudice, Dkt. No. 65. For the reasons below, the Court **GRANTS** the motion.

## I.    Background

On February 8, 2018, Plaintiff Dee Dee Silguero filed suit to recover overtime wages and damages under the Fair Labor Standards Act ("FLSA") against the following defendants: MetroPCS Texas LLC; HBCC Investments Inc. d/b/a DF Wireless; BKCR Inc. d/b/a DF Wireless; Wireless DF Texas LLC; GSWAC Inc. d/b/a DF Wireless; KJCC Inc. d/b/a DF Wireless; PCSKK Inc. d/b/a DF Wireless; Bong Kim; CRPTX DF, Inc.; and CAE Enterprises, Inc. *See* Dkt. Nos. 1, 26, 65. Plaintiff argues that Defendants unlawfully withheld overtime wages when she worked at Defendants' MetroPCS stores in Corpus Christi, Texas. Dkt. No. 26 at 7.

The parties reached an agreement to settle this lawsuit on April 29, 2019. Dkt. No. 63. The parties have filed their Joint Motion for Approval of Confidential Settlement Agreement and Dismissal with Prejudice, Dkt. No. 65. The Court now considers the pending motion.

## II.    Settlement Terms

The parties reached a settlement based on a payment to Plaintiff reflecting a compromise but not an admission of liability. Dkt. No. 65-1 at 3. Under the settlement agreement, Defendants will pay a total sum of $5,000.000—$2,500.00 of which will be paid to Plaintiff, and $2,500.00 in attorney's fees, costs, and expenses. *Id*. at 5. Plaintiff will receive her settlement award as follows: (1) one half as back wages, from which taxes will be held and for which a W-2 will be issued; and (2) one half as liquidated damages, for which a Form 1099 will be issued. *Id*. at 4. In exchange for the payments set forth in the settlement agreement, Plaintiff will waive, release, and discharge Defendants from any and all claims for unpaid overtime wages, underpaid wages, unpaid wages, liquidated or other damages, penalties, restitution, attorney's fees, costs, and interest, including but not limited to, claims under the FLSA, or any other federal, state, or local law which relate in any way to Plaintiff's purported employment or termination from employment by Defendants. *See id*. at 2–3.

## III.    Motion for Approval of Settlement Agreement

### a.  Legal Standard

Courts may approve FLSA settlement agreements only if they reflect "a fair and reasonable compromise of a bona fide dispute under the FLSA." *Beardslee v. Randalls Food & Drugs LP*, No. H-09-1200, 2009 WL 1957714, at *1 (S.D. Tex. July 7, 2009). When scrutinizing an FLSA settlement agreement, courts first look to the existence of a bona fide dispute. *Villeda v. Landry's Restaurant, Inc.*, No. H-08-2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009). A bona fide dispute as to liability exists where the evidence in the record is inconclusive as to the hours worked or the amount of compensation owed. *Sandlin v. Grand Isle Shipyard, Inc.*, No. 17-10083, 2018 WL 2065595, at *6 (E.D. La. May 3, 2018). For example, parties may point to conflicting evidence in the record as to the hours worked or wages owed[1] or evidence

---

[1] *See Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005) (finding bona fide dispute where plaintiff maintained in his statement that he was owed over $3,000 in

demonstrating that it is impossible to determine those amounts.[2] Submission of the settlement agreement containing conclusory language stating the release of claims in exchange for a certain amount, without more, is insufficient to prove a bona fide dispute.[3]

Courts then look to whether the proposed settlement is a fair and reasonable compromise over the issues. "If the settlement reflects 'a reasonable compromise over the issues,' the court may approve it." *Villeda*, 2009 WL 3233405, at *1. (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)); *see also Jarrard v. Se. Shipbuilding Corp.*, 163 F.2d 960 (5th Cir. 1947). "The standard for whether a class action settlement should be approved is whether the settlement is 'fair, adequate and reasonable' and has been entered into without collusion between the parties." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977); *see also Lynn's Food Stores*, 679 F.2d at 1355.

"Although the class-action provisions of Federal Rule of Civil Procedure 23 technically do not apply to collective actions under the FLSA, Rule 23(e) is similar because it requires a court approval to finalize a proposed class action settlement." *Sims v. Hous. Auth. City of El Paso*, No. EP-10-CV-109, 2012 WL 10862119, at *3 (W.D. Tex. Feb. 29, 2012). "Thus, the Rule 23(e) standard encompasses the 'fair and reasonable' settlement standard of the FLSA collective action, and cases interpreting Rule 23(e) are analogous and applicable to the instant FLSA action." *Id.* at 2. (quoting *Altier v. Worley Catastrophe Resp., LLC*, Nos. 11-241, 11-242, 2012 WL 161824, at *14 (E.D. La. Jan. 18, 2012)).

---

overtime compensation and defendants presented conflicting evidence that plaintiff was owed only $509.06).

[2] *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012) (finding bona fide dispute where evidence included union representative's conclusion that "it would be impossible to determine" actual hours worked).

[3] *See Lopez v. S. Arch, LLC*, No. 15-6302, 2016 WL 3617671, at *5 (E.D. La. July 6, 2016) (finding no bona fide dispute where parties only offered as evidence the settlement agreement containing "broad, boilerplate language stating that plaintiff released all claims [and] acknowledged that 'he is entitled to receive no other payments, benefits, or compensation' from Defendants besides his $500 settlement").

The Fifth Circuit directs courts to consider six factors in evaluating proposed settlement agreements in class actions: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members. *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983); *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982). "While these six factors are more applicable to a collective action under FLSA than an action involving a single plaintiff, the Court will use them to guide its analysis to the extent feasible." *Rosa v. Gulfcoast Wireless, Inc.*, Civ. No. 18-4577, 2018 WL 6326445, at *2 (E.D. La. Dec. 3, 2018).

### b. Bona Fide Dispute

Plaintiff alleges the following in the complaint: She worked for Defendants from February 2017 to October 2017, and her primary duty was to sell phones and related accessories to customers for the benefit of Defendants. She was paid $8.00 to $10.00 per hour, plus commissions, and often worked 50 hours or more per workweek. Dkt. No. 26 at 9–10. Defendants deny all allegations and liability. Dkt. No. 30.

After review, the Court finds the existence of a bona fide dispute as to overtime compensation owed. Plaintiff alleges that she deserves overtime pay for hours worked beyond the 40-hour workweek, while Defendants assert that Plaintiff was compensated for all her work. Dkt. No. 65 at 6. Further, while both parties represent that Plaintiff was paid some overtime, they disagree as to whether Plaintiff was paid all of her earned overtime compensation. *Id*. Accordingly, the Court concludes that the parties' disagreement over the overtime hours worked and compensation owed sufficiently amounts to a bona fide dispute.

### c.  Fair and Reasonable Compromise

As stated above, the Court examines the following six factors to determine whether a settlement is "fair and reasonable": (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members. *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). The Court reviews each factor in turn:

1. The parties were represented by counsel and reached their proposed settlement through arm's length negotiations. Accordingly, there is no concern of fraud or collusion behind the settlement. *See Batchedler v. Kerr-McGee Corp.*, 246 F. Supp. 2d 525, 526 (N.D. Miss. 2003).

2. The parties expressed their intent to serve interrogatories and take various depositions prior to the close of discovery, in addition to trying this case, which would require additional time and expenses. *See* Dkt. No. 20 at 3–4. A lengthy trial would consume court resources, expand parties' costs, and delay any eventual recovery. *See Quintanilla v. A&R Demolition, Inc.*, No. H-04-1965, 2008 WL 9410399, at *4 (S.D. Tex. May 7, 2008).

3. The parties exchanged initial disclosures and engaged in arm's length negotiations. Dkt. No. 65 at 5. The discovery and negotiation that took place before reaching settlement enabled counsel for the parties to carefully assess the legal and factual merits of the case. *Quintanilla*, 2008 WL 9410399, at *4.

4. The parties disagreed whether Plaintiff could satisfy her burden of proving the number of overtime hours worked. Dkt. No. 65 at 6. It is therefore possible that Plaintiff would not have prevailed on the merits.

5. The settlement will pay Plaintiff a fair recovery for unpaid overtime wages. Defendants assert that Plaintiff is entitled to no recovery, but the settlement award provides for approximately 200% of the damages Plaintiff contends she is owed. Dkt. No. 65 at 6. The Court also takes into account "the risks

inherent in this litigation, as well as the costs of litigation" in determining whether the settlement amount is fair and reasonable. *Quintanilla*, 2008 WL 9410399, at *5. Further, proposed settlements that amount only to a fraction of the potential recovery do not indicate that the settlement is not fair and reasonable. *City of Detroit v.* Grinnell Corp., 495 F.2d 448, 455 (2d Cir. 1974).

6. The settlement is the product of arm's length negotiations after investigation and legal analysis by the parties' counsel. Dkt. No. 65 at 6. The parties entered into the settlement agreement voluntarily and knowingly. Dkt. No. 65-1 at 1. The terms of the settlement have been approved by Plaintiff, Defendants, and their respective counsel. *Id*. Endorsement of a proposed FLSA agreement by counsel for both parties is a "factor that weighs in favor of approval." *Quintanilla*, 2008 WL 9410399, at *5.

After review, the Court concludes that the proposed settlement agreement is a fair and reasonable compromise of Plaintiff's bona fide FLSA dispute.

## IV.    Attorney's Fees and Costs

### a.  Legal Standard

#### i.  Attorney's Fees

Under the FLSA, courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Courts use the lodestar method to assess attorney's fees in FLSA suits. *See Saizan v. Delta Concrete Prods., Co.*, 448 F.3d 795, 799 (5th Cir. 2006). "In calculating a lodestar, the number of hours reasonably expended are multiplied by an appropriate hourly rate in the community for such work." *Villegas v. Regions Bank*, No. H-11-904, 2013 WL 76719, at *2 (S.D. Tex. Jan. 4, 2013) (citing *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003)).

The party seeking reimbursement of attorney's fees "bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence." *Ranger v. Gonzalez Mascorro*, 274 F.R.D. 585, 595 (S.D. Tex. 2011) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *Bode*

*v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990)). The court should use this time "as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented." *Id.* (citing *Watkins*, 7 F.3d at 457). The hours remaining are those reasonably expended. *Id.* However, the court anticipates that "[c]ounsel exercises billing judgment when it documents hours charged and the hours written off as unproductive, excessive, or redundant." *Martinez v. Refinery Terminal Fire Co.*, No. 2:11-CV-295, 2016 WL 4594945, at *2 (S.D. Tex. Sept. 2, 2016).

A reasonable hourly rate should be determined based on "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Rangel*, 274 F.R.D. at 596 (quoting *Normam v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)) (internal quotation marks omitted). The relevant legal community is the community in which the court sits. *Id.* (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). "The movant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates in the community." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Proper evidence of a reasonable hourly rate "includes an attorney's own affidavit presenting information as to the rates actually billed and paid in similar lawsuits." *Id.* (citations omitted). Generally, however, the reasonable hourly rate for a community is established "through affidavits of other attorneys practicing there." *Id.* (citing *Tollett*, 285 F.3d at 368). Such affidavits "should contain direct or opinion evidence as to what local attorneys would charge under similar circumstances." *Id.* (citation omitted).

"After calculating the lodestar, the court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors."[4] *Williams v. Best Temp.*

---

[4] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the

*Servs., LLC*, No. 3:14-CV-484-D, 2015 WL 12763509, at *3 (N.D. Tex. Aug. 18, 2015) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995)). "Because the lodestar is presumed reasonable, it should be modified only in exceptional cases." *Id*. (citing *Watkins*, 7 F.3d at 457).

### ii. Costs

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d). In addition, pursuant to the FLSA, a court "shall allow . . . costs of the action." 29 U.S.C. § 216. Taxable costs include: "(1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of a deposition transcript; (3) witness fees and related expenses; (4) printing costs; and (5) fees for copies of papers necessarily obtained for use in the case." *Mauricio v. Philip Galyen, P.C.*, 174 F. Supp. 3d 944, 952 (N.D. Tex. 2016) (citing 28 U.S.C. §§ 1821 & 1920). In the context of FLSA cases, "[c]ourts have generally been reticent to grant costs beyond those items enumerated in 28 U.S.C. § 1920." *Entizne v. Smith Moorevision LLC*, No. 3:13-CV-2997-B, 2014 WL 1612394, at *5 (N.D. Tex. Apr. 22, 2014) (citing *Hernandez v. Aleman Constr., Inc.*, No. 3:10-CV-2229-BN, 2013 WL 5873289, at *6– *7 (N.D. Tex. Nov. 1, 2013) (rejecting request for costs including process serving, mediation services, mileage, parking, office supplies, teleconferencing, and FedEx shipping)). Further, "the Fifth Circuit has held that there is no statutory authority in the FLSA to award costs, such as expert witness fees, not enumerated in 28 U.S.C. § 1920." *Novick v. Shipcom Wireless, Inc.*, No. 4:16-CV-730, 2018 WL 6079348, at *4 (S.D. Tex. Nov. 21, 2018) (citing *Tyler v. Union Oil Co. of Ca.*, 304 F.3d 379, 404–05 (5th Cir. 2002)) (listing cases); *see also Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (emphasizing "the Supreme

---

monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir. 1974).

Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary").

### b. Legal Analysis

Here, the settlement provides for $2,500.00 in attorney's fees, expenses, and costs. Dkt. No. 65-1 at 5. The parties represent that "Plaintiff's counsel is not seeking attorney's fees in this matter, and instead will seek to recover expenses incurred as a result of this litigation." Dkt. No. 65 at 9. Plaintiff therefore has not filed a separate motion for attorney's fees and costs. *See id.*

Under these circumstances, the Court concludes that it is appropriate to award $2,500.00 in attorney's fees and costs—$2,100.00 in attorney's fees and $400.00 in costs. After reviewing the docket activity, the Court finds that Plaintiff's counsel expended sufficient hours to merit at least $2,100.00 in attorney's fees, and that without a detailed list of costs, the only cost that Plaintiff may recover for now is $400 in filing fees.[5]

## V.    Conclusion

For the reasons above, the Court **GRANTS** the Joint Motion for Approval of Confidential Settlement and Dismissal with Prejudice, Dkt. No. 65. The Court **DIRECTS** the Clerk to close the case.

SIGNED this 24th day of February, 2020.

Hilda Tagle
Senior United States District Judge

---

[5] Plaintiff may only recover $400 in filing fees because almost all other costs are not provided for in 28 U.S.C. § 1821 or § 1920, and the FLSA does not explicitly authorize recovery of costs beyond those enumerated in § 1920. *See, e.g., Hernandez,* 2013 WL 5873289, at *6–*7 (rejecting request for costs including private process serving, mediation services, mileage, parking, office supplies, teleconferencing, and FedEx shipping).